UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


LOC NGUYEN,                        )
    Plaintiff                      )
                                   )
        v.                         )    C.A. No. 04-12648-MLW
                                   )
ANN-CARROLL NURSING HOME           )
and CAROL VALERIE                  )
    Defendants                     )


                              ORDER

WOLF, D.J.                                        August 14, 2006

    On December 10, 2004, pro-se plaintiff Loc Nguyen filed a complaint in this court charging the defendants with "wrongfully termination, loss career, loss income, defamation character, and emotional distress." Compl. ¶15. In response, the defendants wrote a letter to this court stating that they had received a summons in this case but had not received a copy of the complaint. The defendants did not answer the complaint. The plaintiff filed a motion for a default.

    The plaintiff's complaint should be dismissed because the plaintiff has not shown that this court has subject matter jurisdiction to hear her case. Federal courts are courts of "limited jurisdiction," which means that they have the power to decide only certain types of cases. Before a plaintiff can bring a case in federal court, she must show that her case is the type of case that a federal court has the power to hear. See Wilkerson v.

                                1

Butler, 229 F.R.D. 166, 169 (E.D. Cal. 2005). Typically, a plaintiff must allege facts which, if proven, will show a violation of federal law, see 28 U.S.C. §1331, or that the suit involves citizens of different states and more than $75,000, see 28 U.S.C. §1332. To do so, Federal Rule of Civil Procedure 8(a) requires the plaintiff to include a statement at the beginning of her complaint explaining why this court has jurisdiction. See Fed. R. Civ. P. 8(a). Since the plaintiff's complaint does not contain this statement and the court cannot discover a basis for federal jurisdiction, it is subject to dismissal. See Wilkerson, 229 F.R.D. at 169.

However, as plaintiff is pro se, the court is giving her an opportunity to cure these defects. If the plaintiff believes that this court has jurisdiction over her case, she may amend her complaint to include a jurisdictional statement. See id. at 169; 28 U.S.C. § 1653. However, based on the plaintiff's current complaint, it appears that this case should be filed in state court, rather than federal court.

Accordingly, it is hereby ORDERED that:

1. The plaintiff's complaint will be DISMISSED unless the plaintiff shows that this court has jurisdiction over her case by filing and serving an amended complaint by September 11, 2006.

2. The plaintiff's motion for a default (Dkt. No. 10) is DENIED.

3. The August 18, 2006 hearing in this case is CANCELLED.

                                           /s/ MARK L. WOLF  
                                      UNITED STATES DISTRICT JUDGE