UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOC NGUYEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROL VALERI and ANN CAROL )<br>NURSING HOME, )<br>)<br>)<br>Defendants ) | Civil Action No. 04-cv-12648 - MLW |

**DEFENDANTS' STATEMENT REGARDING PRETRIAL MATTERS**

Pursuant to Local Rule 16.1, Defendants Carol Valeri ("Valeri") and An Carol Nursing Home ("Nursing Home") (hereinafter collectively referred to as "Defendants) file this Statement Regarding Pretrial Matters. Counsel for the Defendants was only recently engaged in this matter. The parties have not conferred. As such, there is no agreement regarding a joint discovery plan and therefore the Defendants set forth their respective position with respect to pretrial proceedings.

A.  PLAINTIFF'S PURPORTED CLAIMS

According to the Plaintiff's handwritten Complaint, the Plaintiff claims that he was wrongfully terminated from his employment at the Nursing Home on or about March 7, 2001 by Valeri. He claims that the termination was due to his race and ethnicity in violation of federal and state law. The Plaintiff claims further that the Defendants retaliated against him and sought to wrongfully deny his claim for employee benefits.

B.   DEFENDANTS' DENIALS

The Defendants deny the Plaintiff's claims. Instead, it is the Defendants' position that the Plaintiff was terminated within the permissible limits of the law. The Plaintiff was not terminated for any illegal reason, including based on his race or ethnicity. Instead, the Plaintiff, who was at all times an employee at will, was deemed to have intimidated a resident of the Nursing Home and thereafter forcing the resident to enter into a business transaction with him. According to the Defendants, the resident was mentally incapacitated. This conduct, according to the Defendants, was a clear violation of the policies and procedures of the Nursing Home, including a strict policy that staff were not to take or accept money from residents. The decision to terminate the Plaintiff, who is Vietnamese, had nothing whatsoever to do with his race or ethnic background. In fact, at the time, the overwhelming majority of the staff at the Nursing Home were minorities.

In connection with an unrelated matter pending in Massachusetts Superior Court (Civil Action No. 05-4817, *Commonwealth of Massachusetts v. Carol Valeri and Sachem Associates, Inc. d/b/a Ann Carol Nursing Home*), the Nursing Home is under the control and supervision of a Receiver.

### Proposed Discovery Plan and Schedule for Motions

The Defendants propose the following discovery and motion schedule:

a.   The parties serve written discovery no later than October 31, 2006.

b.   All written discovery responses, including documents, served on each party no later than December 31, 2006.

c.   All depositions completed by March 31, 2007.

d.   All dispositive motions filed in Court no later than June 30, 2007.

e.  Any party filing an Opposition to a motion filed under paragraph d above shall do so thirty (30) days following receipt of the motion.

### Trial by Magistrate

The Defendants are willing to proceed to trial before a Magistrate Judge.

### Certification Pursuant to L.R. D. Mass. 16.1

The Defendants' certification will be filed under separate cover.

### Settlement

The parties have not discussed settlement at this stage of the proceedings.

Respectfully submitted,

CAROL VALERI AND ANN CAROL NURSING HOME

By their attorneys,

Holland & Knight LLP


/s/ Damon M. Seligson
Damon M. Seligson (BBO #632763)
10 St. James Avenue
Boston, MA  02116
(617) 854-1456

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electric Filing and paper copies will be sent to those indicated as non-registered participants on August 18, 2006.

/s/ Damon M. Seligson
Damon M. Seligson (BBO#632763)

# 3995463_v1