```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
LOC NGUYEN,                        )
        Plaintiff                  )
                                   )
                                   )
        v.                         )    C.A. No. 04-12648-MLW
                                   )
CAROL VALERIE,                     )
ANN CARROLL NURSING HOME           )
        Defendants                 )
                                   )
                                   )
```

## MEMORANDUM AND ORDER

WOLF, D.J.                                           May 23, 2007

On December 10, 2004, pro se plaintiff Loc Nguyen filed a complaint alleging defendants wrongfully terminated him. On August 14, 2006, the court explained that it appeared to lack subject matter jurisdiction in this case and issued a Memorandum and Order directing the plaintiff to show cause by September 11, 2006 why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff did not comply with this Order. Accordingly, on November 16, 2006, the court dismissed plaintiff's complaint without prejudice to the claims plaintiff was pursuing in state court.

The court has received plaintiff's letter dated March 21, 2007, asking the court to reopen his case. Plaintiff's letter is, in effect, a Motion for Reconsideration under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(a) refers to clerical

mistakes and is inapplicable here. Rule 60(b) grants the court discretion to relieve a party from final judgement when, amongst other things, the plaintiff presents a reason justifying relief from the operation of the judgment. F.R.Civ.P. 60(b)(6). However, relief under Rule 60(b) is "extraordinary in nature" and motions invoking the rule should be granted sparingly. Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002). Simple disagreement with the court's decision is not a basis for reconsideration. See Ofori v. Ruby Tuesday, Inc., 205 Fed. Appx. 851, 853 (1st Cir. 2007).

    Here, plaintiff states that he is unable to refile this lawsuit in the appropriate forum because he cannot afford "financially, mentally, emotionally and timely to file another lawsuit." March 21, 2007 Letter. He requests the court transfer this case to state court so that it may be continued there, or that this court reopen the case. However, the court can do neither, because it lacks jurisdiction over this matter. See November 16, 2007 Order and August 14, 2007 Order. Even construing plaintiff's Rule 60 motion liberally, see Instituto de Education Universal Corp. v. U.S. Dept. of Ed., 209 F.3d 18, 23 (1st Cir. 2000), plaintiff submits no valid reason why this court should reconsider its dismissal of plaintiff's complaint for lack of subject matter jurisdiction. Accordingly, plaintiff's Motion for Reconsideration (Docket No. 19) is hereby DENIED.

```
                              /s/     MARK L. WOLF
                           UNITED STATES DISTRICT JUDGE
```